### ABNER D. TRIPP *vs.* GEORGE H. B. BROWNELL.

A rule of court, in which no discretionary power is reserved, cannot be dispensed with by a single judge.

MOTION for a new trial, filed by the tenant in a real action on the eighteenth day of April term 1854, on the ground that the

verdict, rendered for the demandant on the twelfth day of said term, was against the evidence and the weight of evidence. The motion was accompanied by an offer to file a report of the evidence given at the trial. The demandant moved that judgment be entered on the verdict, because the tenant's motion was not made and filed until more than three days after the verdict was returned, the 26th rule of this court providing that " no motion shall be sustained for a new trial in any civil action after verdict of the jury, either on account of any opinions or decisions of the judge given in the course of the trial, or because the verdict is alleged to be against evidence or the weight of evidence, unless, within three days after the verdict is returned, the counsel of the party complaining of the proceedings, or of the verdict, shall file a motion for a new trial, specifying the grounds of his complaint, and causing a copy of the said motion to be delivered to the adverse counsel, on the day the same shall be filed." 24 Pick. 392, 393. For the cause alleged by the demandant, *Merrick*, J. as he stated in his report to the full court, " declined to report the evidence on said motion, and ordered judgment on the verdict. If that was not sufficient cause, the motion is to be heard upon the evidence to be reported; otherwise, the judgment rendered is to stand."

*N. Morton*, for the tenant. The rules established by the court under the power conferred upon it by Rev. Sts. *c.* 81, § 10, have not the force of statutes, but may be dispensed with by the whole court in its discretion; and it is open to the court, upon this report, to exercise its discretion in this case. The case of *Thompson* v. *Hatch*, 3 Pick. 516, decided nothing more than that the rules of court cannot be dispensed with by a single judge.

*L. Lapham*, for the demandant.

By THE COURT. The court are of opinion that a general rule of practice, regulating trials, made by the whole court, pursuant to statute, when no discretionary power is reserved, is binding upon a judge at *nisi prius*, and that he has no authority to dispense with it. *Thompson* v. *Hatch*, 3 Pick. 512. And therefore the judgment rendered on the verdict must stand